# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DISTRICT

| | |
|---|---|
| KAARE WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.  4:20-CV-00313-JAR |
| | ) |
| AMERICAN RIVER TRANSPORTATION | ) |
| CO., LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Count VII of Plaintiff's First Amended Complaint. (Doc. 11). Defendants have filed a memorandum in support of the motion (Doc. 12), Plaintiff has filed a response in opposition (Doc. 15), and Defendants have filed a reply. (Doc. 18). For the reasons discussed below, the motion will be denied.

**I.     Background**

Plaintiff was a seaman employed by Defendants for approximately 15 years before being terminated on April 2, 2018. (Doc. 9 at ¶ 1). On or about March 25, 2018, Plaintiff had a verbal altercation with a co-worker who was attempting to detach the vessel from the barges by himself, an activity Plaintiff considered unsafe. (*Id.* at ¶¶ 20-33). A few days later, Plaintiff met with a supervisor and human resources employee of Defendants and complained about the attempted unsafe work among other issues. (*Id.* at ¶¶ 37-41). Plaintiff was terminated by Defendants on April 2, 2018, and now brings this suit claiming age discrimination (Counts I-II), retaliation (Counts III-IV), race discrimination (Counts V-VI), and violation of the Seaman's Protection Act

1

("SPA") (Count VII). Defendants seek dismissal of Count VII on the grounds that Plaintiff has not alleged protected activity under the SPA.

**II.     Legal Standard**

A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) challenges the legal sufficiency of the complaint. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "When ruling on a motion to dismiss [under Rule 12(b)(6)], the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). "The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *St. Louis-Kansas City Carpenters Regional Council v. Pace Construction Co., LLC*, 2019 WL 4451251, at *1 (E.D. Mo. Sept. 17, 2019).

**III.    Discussion**

<u>Legislative History of the SPA</u>

The SPA provides whistleblower protection for seamen. 46 U.S.C. § 2114. The statute was enacted in 1984 in the wake of *Donovan v. Texaco*, 720 F.2d 825 (5th Cir. 1983), which held that the whistleblower protections of the Occupational Safety and Health Act did not apply to a seaman who reported a safety violation to the United States Coast Guard. The SPA's original goal was to

"guarantee that, 'when seamen provide information of dangerous situations to the Coast Guard, they will be free from the debilitating threat of employment reprisals for publicly asserting company violations of maritime statutes or regulations.'" *Baetge-Hall v. American Overseas Marine Corp.*, 624 F.Supp.2d 148, 158 (D. Mass. 2009) (quoting *Gaffney v. Riverboat Services of Indiana, Inc.*, 451 F.3d 424, 444 (7th Cir. 2006)).

Congress amended the statute in 2010, substantially expanding the list of protected activities beyond reporting to the Coast Guard. Coast Guard Authorization Act of 2010, Pub. L. 111-281, 124 Stat. at 2905 (2010) (adding §§ 2114(a)(1)(C)-(G)). Courts have identified four elements required to establish a claim under the SPA: (1) plaintiff engaged in protected activity; (2) defendant was aware of the protected activity; (3) plaintiff suffered an adverse employment action; (4) the protected activity contributed to the adverse employment action. *See Harley Marine Services, Inc. v. U.S. Department of Labor*, 677 Fed.Appx. 538, 541 (11th Cir. 2017). Defendants contend that dismissal is required because Plaintiff's internal complaint regarding a co-worker's attempt to unsafely detach the vessel does not constitute protected activity under the SPA.

<u>Internal Complaints under the SPA</u>

Plaintiff argues that he was discharged because of internal complaints made during the March 25, 2018 altercation and at the March 28, 2018 meeting with Defendants' employees. (Doc. 9 at ¶¶ 130-41). Defendants respond that internal complaints regarding an alleged attempt to engage in unsafe activity are not protected under the SPA. (Doc. 12 at 2). According to Plaintiff, internal complaints are protected activity under the following provisions of the SPA:

> § 2114(a)(1)(B): the seaman has refused to perform duties ordered by the seaman's employer because the seaman has a reasonable apprehension or expectation that performing such duties would result in serious injury to the seaman, other seamen, or the public;

3

§ 2114(a)(1)(C): the seaman testified in a proceeding brought to enforce a maritime safety law or regulation prescribed under that law;[1]

§ 2114(a)(1)(D): the seaman notified, or attempted to notify, the vessel owner or the Secretary of a work-related personal injury or work-related illness of a seaman.

It appears that no federal court has assessed whether internal complaints constitute protected activity in light of the 2010 amendments to the SPA. Defendants cite three cases in support of the argument that internal complaints are not protected, but all three precede the 2010 amendments. *See Robinson v. Alter Barge Line, Inc.*, 513 F.3d 668, 671 (7th Cir. 2008); *Garrie v. James L. Gray, Inc.*, 912 F.2d 808 (5th Cir. 1990); *Baetge-Hall*, 624 F.Supp.2d at 158. Plaintiff cites to a recent decision by the Administrative Review Board finding that § 2114(a)(1)(C) includes internal complaints. *Meeks v. Genesis Marine, LLC*, 2018 WL 6978222, at *3, ARB No. 17-022, ALJ No. 2016-SPA-003 (July 9, 2018).

The Occupational Safety and Health Administration ("OSHA") has consistently interpreted the amended SPA to recognize at least some forms of internal complaints as protected activity. The Final Rule establishing procedures for handling retaliation complaints under the SPA includes the following key language regarding internal complaints:

> [W]hile SPA, unlike other whistleblower statutes, does not contain a provision directly protecting all internal complaints by seamen to their superiors, many such complaints are covered under the seven specific categories listed in the Act . . . . OSHA will give a broad construction to the [SPA's] language to ensure that internal complaints are protected as fully as possible.

81 Fed. Reg. 63396 (Sept. 15, 2016). OSHA has also issued a fact sheet advising seamen bringing retaliation claims that they may not be discharged for testifying "in a proceeding brought to enforce

---

[1] Defendants argue that this section is not specifically referenced in Plaintiff's First Amended Complaint and therefore cannot be brought at the motion to dismiss stage. Plaintiff cited to the entire SPA in Count VII and noted certain SPA protections "among others." Defendants, moreover, had opportunity in their reply to address the substance of the claim. At this stage, the Court is permitting Plaintiff to proceed generally under the SPA.

4

a maritime safety law or regulation, *including making an internal complaint.*" OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, DWPP FS-3762, FACT SHEET: FILING WHISTLEBLOWER COMPLAINTS UNDER THE SEAMAN'S PROTECTION ACT (2018) (emphasis added); *see also* OSHA WHISTLEBLOWER PROTECTION PROGRAM, INVESTIGATOR'S DESK AID TO THE SEAMAN'S PROTECTION ACT (SPA) WHISTLEBLOWER PROTECTION PROVISION (2019). Such interpretation merits deference under *Chevron v. Natural Resources Defense Council*, 467 U.S. 837 (1984). Defendants acknowledge that "internal complaints *may* constitute protected activity" but argue that "a thorough analysis into any alleged internal complaint must be conducted in order to determine whether it satisfies the requirements of one of the categories of protected activity under the SPA." (Doc. 18 at 9).

This Court agrees with Defendants' assessment but accordingly finds that dismissal of Count VII is not warranted at this early stage of litigation. Accepting the complaint's factual allegations as true, it is plausible that Plaintiff was terminated because he internally complained regarding his co-worker's failure to abide by maritime law (§ 2144(a)(1)(C)) or because he notified his employer of a work-related injury (§ 2144(a)(1)(D)). Plaintiff's factual allegations "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court is also mindful that the SPA is remedial in nature and courts tends to construe such statutes broadly in order to "effectuate the purpose of the underlying law." *Haley v. Retsinas*, 138 F.3d 1245, 1250 (8th Cir. 1998) (quoting *U.S. v. S.A.*, 129 F.3d 995, 998 (8th Cir. 1997)); *see also Bechtel Construction Co. v. Secretary of Labor*, 50 F.3d 926, 932 (11th Cir. 1995) ("Even without *Chevron*, it is appropriate to give broad construction to remedial statutes."). Dismissing Plaintiff's complaint at this early stage would require a narrow reading of the SPA.

### Attempted vs. Actual Violations of Maritime Law

Throughout their briefing, Defendants argue that Plaintiff fails to make a plausible claim because he only alleges that his co-worker *attempted* to engage in unsafe activity but did not actually engage in unsafe activity. This distinction serves as Defendants' entire basis for distinguishing *Meeks*, where the Plaintiff witnessed clear violations of maritime safety law. (Doc. 18 at 6). Plaintiff responds that Defendants' argument employs "semantics to attempt to circumvent coverage of SPA." (Doc. 15 at 10).

As discussed above, ambiguous text in whistleblower statutes should be construed broadly. *Haley*, 138 F.3d at 1250. According to the complaint's factual allegations, which are accepted as true for purposes of this motion to dismiss, Plaintiff was terminated because he complained that a co-employee was attempting to engage in unsafe activity in violation of maritime law. Refusal to perform unsafe orders is a protected activity under 46 U.S.C. § 2144(a)(1)(B), and there is no associated requirement that the unsafe activity ultimately occurs. Defendants do not cite any precedent indicating that actual, as opposed to attempted, violations of maritime law are required for whistleblower protection. Interpreting the SPA to recognize reporting of attempted violations of maritime law as protected activity is entirely consistent with the purpose of the statute. Otherwise, whistleblowers would have the unenviable choice of either waiting for the unsafe activity to occur before complaining or not enjoying the SPA's protections. Recognizing that the SPA protects whistleblowers who report attempted safety violations is "the best way to avoid a nonsensical result." *Id.*

### IV.   Conclusion

After carefully reviewing Plaintiff's First Amended Complaint (Doc. 9), this Court finds that Count VII states a claim for relief that is plausible on its face. Certain forms of internal

6

complaints are protected activity under the SPA, and the statute's protections logically extend to employees who were terminated because they reported attempted violations of maritime safety law. Dismissal is not warranted at this early stage of litigation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Count VII of Plaintiff's First Amended Complaint (Doc. 11) is **DENIED.**

Dated this 5th day of October, 2020.

                                                **JOHN A. ROSS**
                                                **UNITED STATES DISTRICT JUDGE**